

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2009

# Elizabeth Liggon-Redding v. Roslyn Souser

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3394

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Elizabeth Liggon-Redding v. Roslyn Souser" (2009). *2009 Decisions.* Paper 247.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/247

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-044                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3394
_____

ELIZABETH LIGGON-REDDING,

Appellant

v.

ROSLYN SOUSER, DR.; MAIN LINE HOSP INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 09-cv-02924)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted for Possible Dismissal Due to a
Jurisdictional Defect and Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 13, 2009

Before:  FUENTES, JORDAN AND HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 17, 2009)

_____

OPINION
_____

PER CURIAM

    Elizabeth Liggon-Redding appeals <u>pro</u> <u>se</u> from the order of the District Court

denying her motion for reconsideration.  We will summarily affirm.  <u>See</u> 3d Cir. LAR

27.4 (2008); 3d Cir. I.O.P. 10.6.

Liggon-Redding submitted a motion to proceed in forma pauperis together with a one-page complaint alleging that appellee Roslyn Souser, a physician, "mutilated" her then answered her with a racial slur when she complained. By order entered July 9, 2009, the District Court simultaneously granted Liggon-Redding's motion to proceed in forma pauperis and dismissed her complaint without prejudice for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Liggon-Redding then timely filed a motion for reconsideration, which we construe as a motion under Rule 59(e), arguing, among other things, that her complaint satisfies the requirements of Rule 8(a). The District Court denied that motion by order entered July 27, 2009, and Liggon-Redding appeals.

Liggon-Redding has appealed the denial of her Rule 59(e) motion, which brings up for review the District Court's earlier order dismissing her complaint as well. See CTC Imports and Exports v. Nigerian Petroleum Corp., 951 F.2d 573, 577 (3d Cir. 1991). Because the District Court's underlying order merely dismissed the complaint without prejudice, it ordinarily would not constitute a final order. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976). Liggon-Redding's insistence that her complaint complies with Rule 8(a), however, indicates her intent to stand on it. Thus, we have jurisdiction pursuant to 28 U.S.C. § 1291. See id. at 951-52. We review for abuse of discretion the District Court's dismissal under Rule 8(a), see In re Westinghouse Secs. Litig., 90 F.3d 696, 702, (3d Cir. 1996), and its refusal to reconsider that ruling, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

2

We perceive no abuse of discretion here.

The District Court did not specify why Liggon-Redding's complaint fails to comply with Rule 8(a), but it clearly fails to comply with all three sub-parts of that rule: it fails to plead the grounds for the District Court's jurisdiction, it fails to state a claim showing that Liggon-Redding is entitled to relief, and it fails to request any particular relief. See Fed. R. Civ. P. 8(a)(1)-(3). Thus, the District Court's dismissal without prejudice was entirely appropriate. The District Court did not specifically state that Liggon-Redding had leave to file an amended complaint, but we have no concerns in that regard. Liggon-Redding gave no indication in her Rule 59(e) motion that she could or would amend her complaint to assert an actionable claim in compliance with Rule 8(a). To the contrary, her motion indicates that she already has litigated her dispute with Dr. Souser in state court and that she views her federal action as an "appeal" of the state court's ruling. Under the circumstances, the District Court acted well within its discretion in dismissing the complaint without prejudice, and we will summarily affirm.